IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14 cr 100
1:14 mj 75

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ARTURO ABURTO SANCHEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** has come before the undersigned pursuant to an Application for Admission to Practice Pro Hac Vice (#9) filed by Ronald E. Justice, Jr., appointed counsel for Defendant. In the application, Mr. Justice request that attorney Nick A. Dodys of Atlanta, GA be admitted pro hac vice as counsel for Defendant.

LCrR 44.1 reads as follows: **ADMISSION AND APPOINTMENT OF COUNSEL**

    **(A) Civil Local Rules for Admission are Applicable to Admission in Criminal Cases.** The admission and appearance of counsel are governed by LCvR 83.1. Such civil local rule is adopted herein as if fully set forth. Appointment of counsel is governed by Title 18 and the district's Criminal Justice Act Plan.

    **(B) Additional Considerations for Representation in Criminal Proceedings.** The Sixth Amendment guarantees that each defendant in a criminal matter has the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire,

1

or who is willing to represent the defendant even though he is without funds. The Court makes every effort to ensure that a defendant's right to counsel of his choice is protected. To that end, a defendant has the following choices in a criminal matter and may

(1) represent himself if he voluntarily elects to do so;
(2) request that the Court appoint counsel based upon a showing of indigency;
(3) hire an attorney who is a member of the Bar of the Western District of North Carolina; or
(4) hire an attorney who is not a member of the Bar of the Western District of North Carolina, but who meets at least one of the following criteria;

(a) is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;
(b) is a member in good standing of any state, district, or territorial Bar of the United States and is appearing with a member in good standing of the Bar of this Court, who moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or
(c) is a member in good standing of any state, district, or territorial Bar, and moves for and is granted "special admission" upon a showing of good and adequate cause.

"Special admission" (admission without association of local counsel) is conditional admission to the Bar, and shall not be granted absent a showing of good cause. The right to counsel includes the right to effective assistance of counsel; therefore, a request for a special admission requires averment of familiarity with North Carolina trial practices as well as the Local Rules. Even who special admission is allowed in a criminal matter, the Court reserves the right to require specially admitted counsel to associate local counsel at any time.

**Discussion.**

The records in this matter shows that Defendant was charged in a Criminal Complaint (#1) filed on October 21, 2014 with possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At the initial appearance hearing the Defendant requested that counsel be appointed to represent him and Mr. Justice was ordered to be appointed as counsel for Defendant (#4). In the Application for Admission to Practice Pro Hac Vice (#9) Mr. Justice now requests that Nick A. Dodys be admitted as retained counsel to represent the Defendant. Due to the fact that Mr. Justice was appointed to represent the Defendant, the undersigned would not be in a position to allow both Mr. Justice and Mr. Dodys to represent Defendant. To do so would allow Defendant to have not only appointed counsel represent him at cost to the tax payer, but also retain his own attorney. If Mr. Justice is not allowed to continue to represent the Defendant, then Mr. Dodys would not be appearing with Mr. Justice and would be in violation of LCvR 44.1(B)(4). Should Mr. Justice move to withdraw as appointed counsel for Defendant and agree to appear on behalf of the Defendant, then the undersigned would be in a position to favorably consider an Application for Admission to Practice Pro Hac Vice filed Mr. Justice on behalf of Mr. Dodys.

In any event, at the present time, the undersigned must deny the Application for Admission to Practice Pro Hac Vice.


**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Application for Admission to

Practice Pro Hac Vice (#9) filed by Defendant's counsel is hereby **DENIED** without prejudice.

Signed: November 25, 2014

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge