THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00100-MR-WCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | <u>O R D E R</u> |
| ARTURO ABURTO SANCHEZ, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reduce Sentence Pursuant to § 3582(c)(2) and Amendment 484 and the 'First Step Act' of 2018" [Doc. 49].

In his motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 484 of the United States Sentencing Guidelines. Amendment 484, however, became effective on November 1, 1993 – well before the Defendant was sentenced in December 2015. As Amendment 484 was already in effect by the time that the Defendant was sentenced, he has already received the benefit of this

amendment. Therefore, his request for relief under § 3582(c)(2) must be denied.

The Defendant also seeks relief under Section 402 of the First Step Act of 2018, which was enacted on December 21, 2018. Section 402 amends 18 U.S.C. § 3553 to broaden the existing safety valve provision. First Step Act of 2018 § 402(a), Pub. L. 115-391, 132 Stat. 5194, 5221 (2018). Section 402, however, does not apply retroactively. See First Step Act of 2018 § 402(b), 132 Stat. 5221 ("The amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act."). Accordingly, the Defendant is not entitled to a reduced sentence under Section 402 of the First Step Act.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reduce Sentence Pursuant to § 3582(c)(2) and Amendment 484 and the 'First Step Act' of 2018" [Doc. 49] is **DENIED.**

**IT IS SO ORDERED.**

Signed: July 1, 2019

Martin Reidinger
United States District Judge